**FEI ZHENG, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

**No. 08–0774–ag.**

United States Court of Appeals, Second Circuit.

Oct. 2, 2008.

Koston Feng, New York, New York, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Francis Fraser, Senior Litigation Counsel, Kate D. Balaban, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. REENA RAGGI, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Fei Zheng, a native and citizen of China, seeks review of a January 30, 2008 order of the BIA affirming the May 10, 2006 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fei Zheng*, No. A 98 997 608 (B.I.A. Jan. 30, 2008), *aff'g* No. A 98 997 608 (Immig. Ct. N.Y. City May 10, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews "both the BIA's and IJ's opinions—or more precisely, [the Court] review[s] the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer ... to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

Zheng did not challenge before the BIA or this Court the IJ's findings that his testimony was either internally inconsistent or inconsistent with the letter from his friend concerning whether his friend's Falun Gong materials were confiscated, when Zheng became involved in Falun Gong, and the extent of his friend's involvement in Falun Gong. Accordingly, any challenge to those findings is both unexhausted and waived and those findings stand as valid bases for the IJ's adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).

With respect to the findings Zheng does challenge, they are supported by substantial evidence. *See Corovic*, 519 F.3d at 95. Although Zheng argues that the inclusion of a return address on his friend's letter is not necessarily inconsistent with his testimony that his friend is in hiding, he points to no evidence supporting his assertion that his friend might have used a false address. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275–76 (2d Cir.2003) (holding that "substantial evidence standard requires [a petitioner] to do more than simply offer a 'plausible' alternative theory; instead, to warrant reversal of the BIA's decision, [a petitioner] must demonstrate that a reasonable fact-finder would be compelled to credit his testimony"). The IJ also properly relied on the omission from Zheng's friend's letter of any indication that his friend is in hiding. *See Xiu Xia Lin*, 534 F.3d at 167. Contrary to Zheng's argument, the IJ did not err by failing to credit Zheng's explanation. *See, e.g., Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). Although Zheng asserts that his testimony was not inconsistent concerning whether he distributed Falun Gong materials publicly or secretly (or the number of days within which Chinese authorities expected Zheng to identify persons to whom he was distributing such materials), the IJ properly found his testimony to be discrepant. Therefore, the IJ did not err in relying on that inconsistency. *Xiu Xia Lin*, 534 F.3d at 167 (finding that under the REAL ID Act, "an IJ may rely on *any* inconsistency or omission" to support an adverse credibility determination) (emphasis in original).

Because the record does not compel a conclusion that Zheng was credible, *see id.*, the IJ properly denied asylum and withholding of removal where the only evidence that Zheng was likely to be persecuted depended on his credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). By failing adequately to challenge the IJ's denial of CAT relief either before the BIA or this Court, Zheng has abandoned his CAT claim. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n. 6 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.